FILED
MAY 17 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| DONALD L. DYKSTRA and ALBERTHA M. DYKSTRA | § | 07-309 CIVIL NO. |
| Plaintiffs, | § | JUDGE |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Donald L. Dykstra and Albertha M. Dykstra ("Plaintiffs" or the "Dykstras") are citizens of the United States of America who reside at XXXXX Ashworth Circle, Cerritos, CA 90703.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404(c)(1), and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1) of the United States Code.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

**COUNT ONE**
**(Calendar Year 1986)**

5. Donald L. Dykstra and Albertha M. Dykstra filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-8234 and XXX-XX-8285.

6. Donald L. Dykstra was a limited partner in Western Ag Venture Associates ("WAVA"), a California limited partnership.

7. A dispute arose between the IRS and WAVA as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

8. The Dykstras and the IRS entered into a Form 870-P(AD) settlement agreement with respect to the WAVA partnership items.

9. Following that agreement, on September 9, 2002, the IRS assessed tax liability of $13,013.00 and interest and §6621(c) penalty interest of $53,442.01 against the Dykstras for 1986. The IRS assessed additional interest and §6621(c) penalty interest of $4,565.26 in additional assessments beginning March 31, 2003, and ending December 29, 2003. The IRS also assessed a failure to pay penalty of $$260.26 against the Dykstras for 1986 on March 31, 2003.

10. In a series of payments beginning January 15, 2003 and concluding February 1, 2004, the Dykstras paid the 1986 liability in full.

11. On February 9, 2005, the Dykstras filed with the IRS a claim for refund of tax of $6,984.00, or such greater amount as is allowed by law, and interest of 47,795.56 for a portion of the interest and §6621(c) penalty interest assessed and paid for 1986.

12. As grounds for recovery, the Dykstras restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The tax assessment erroneously overstated the disallowance by including improperly in the adjustment $3,495 of the K-1 loss not claimed by the taxpayers on their tax return based on an at-risk limit. The correction is shown on the excerpts from the IRS' Form CG-4549A and taxpayers' ledger of account attached as Exhibit "A" in lieu of the normally "as corrected" pages of Form 1040 attached to a Form 1040X. Excerpts of the 1986 Form 1040 are attached as Exhibit "B" showing the "at-risk" limitations.

B. The taxpayers' tax liability is further reduced by using income averaging. The Schedule G is attached to the Form 1040X. The substantiation for the base period years is attached as Exhibit "C" and a copy of the TEFRA legislative history confirming that any NON-TEFRA (i.e., non-partnership item) basis for a refund may be filed as a refund claim under the normal two (2) year limitations period after payment of a TEFRA related assessment is attached as Exhibit "D."

C. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. Additionally and in the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). It is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004), copy attached as Exhibit "B," in which the Fifth

Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed. The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the

adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. The recomputation of interest takes into account the doctrine in *Avon Products v. C.I.R.*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404(e)(1) for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the

abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. Exhibit "E" attached is the recomputation of interest based on all grounds set forth above.

K. The portion of the interest refund sought that is attributable solely to the Form 1040X refund of tax, taking into account *Avon Products*, is $27,828.72. See Exhibit "F."

L. The portion of the interest refund sought that is attributable solely to the Form 1040X refund of tax **plus** reversal of the §6621(c) penalty interest, taking into account *Avon Products*, is $37,323.83. See Exhibit "G."

13. Over six (6) months have elapsed since the Dykstras filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

14. The Dykstras are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Donald L. Dykstra and Albertha M. Dykstra pray for judgment against Defendant, the United States of America, in the amount of $54,779.56, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)